IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE BRANDON,<br>                Plaintiff,<br><br>v.<br><br>JUDGE GERARD LONG,<br>CONNIE CREANY,<br>                Defendants. | Civil Action No. 3:05-326J |

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

The pro se Plaintiff has brought a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) in order to prevent Defendants from extending the Plaintiff's state parole for an additional two year period. (Document No. 6). For the following reasons, the Plaintiff's motion will be denied.

**STANDARD**

In order to succeed under Rule 65(b), it must be clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed.R.Civ.P. 65(b). Additionally, the standard for granting a temporary restraining order is the same standard that is applied for a preliminary injunction. *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D. Pa. 1994). Accordingly, a proponent must demonstrate the following: "1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest." *Id.* (citing *Frank's GMC Truck Center, Inc., v. G.M.C.*, 847 F.2d 100, 102 (3d Cir. 1988)).

In the case *sub judice*, the Plaintiff requests this Court "to grant Temporary Restraining order . . ." (Document No. 6). Plaintiff also cites *Com. ex rel. Powell v. Rosenberry*, 435 Pa.Super. 337, 645 A.2d 1328 (Pa.Super 1994) in order to articulate the necessity of granting the requested restraining order. However, the Court observes that the Plaintiff fails to sufficiently prove that he is entitled to the extraordinary relief offered by Rule 65(b).

The Plaintiff's motion consists of two paragraphs outlining the statement of his claim, and two paragraphs which cite to *Rosenberry, supra*. However, the Plaintiff fails to satisfy any of the requirements under the temporary restraining order standard outlined above. Specifically, there is no indication in Plaintiff's motion that there is any probability of irreparable harm or that immediate action is required, nor has he demonstrated a likelihood of success on the merits. Furthermore, the Court determines that the Plaintiff's requested relief shall be resolved at the time of trial in the case *sub judice*.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE BRANDON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:05-326J |
| | ) | |
| JUDGE GERARD LONG, | ) | |
| CONNIE CREANY, | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 28th day of November, 2005, upon consideration of the Plaintiff's Motion for a Temporary Restraining Order, and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion is denied.

BY THE COURT:

*Kim R. Gibson*
The Honorable Kim R. Gibson
United States District Judge

cc:   All counsel of record.